■ In the Matter of STATE FARM INSURANCE COMPANY, Respondent. JEANNE COLANGELO et al., Respondents. NATIONAL CONTINENTAL INSURANCE COMPANY, Proposed Additional Appellant, et al., Proposed Additional Respondents. [827 NYS2d 868]—

In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of an uninsured motorist claim, National

Continental Insurance Company appeals from a judgment of the Supreme Court, Westchester County (Carey, J.H.O.) dated September 23, 2005, which, after a framed-issue hearing, granted the petition and permanently stayed arbitration.

Ordered that the judgment is affirmed, with costs.

Jeanne Colangelo and Richard Colangelo demanded arbitration of a claim for uninsured motorist benefits from their insurance company State Farm Insurance Company (hereinafter State Farm) after they allegedly sustained damages in a motor vehicle accident involving a truck owned by Stella Express Trucking (hereinafter Stella). State Farm commenced this proceeding to permanently stay arbitration on the ground that the truck was insured by National Continental Insurance Company (hereinafter NCIC) at the time of the accident. After NCIC claimed that the policy had been cancelled prior to the accident, the Supreme Court ordered a framed-issue hearing on coverage. After the hearing, the Supreme Court determined that the NCIC policy was not validly cancelled under controlling New Jersey law based upon two separate and independent grounds, and permanently stayed arbitration. NCIC appeals. We affirm.

On appeal, NCIC does not challenge the Supreme Court's determination that the failure to provide notice of the cancellation to the producer (broker) of the policy rendered the attempted cancellation ineffective under controlling New Jersey law, and that this constituted a separate and independent basis to hold the purported cancellation of the policy ineffective.

NCIC's remaining contentions are without merit. Crane, J.P., Ritter, Lunn and Covello, JJ., concur.